**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARCUS W. FIELDS**                                                                                   **PETITIONER**
**ADC #150118**

**VS.**                            **CASE NO.: 5:15CV00389-KGB-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker.  Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**    **Jurisdiction**

Petitioner Marcus Fields, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) to challenge his conviction in the Circuit Court of Sebastian County, Arkansas.  On

May 2, 2012, Mr. Fields, who was represented by counsel, pleaded guilty to first-degree sexual assault, a Class-C-felony. (#2 at pp. 16-7) An order was filed on May 7, 2012, sentencing Mr. Fields to three years' imprisonment in the ADC to be served concurrently with sentences for other convictions in Sebastian County Circuit Court.

Mr. Fields filed a state habeas petition in Lee County Circuit Court on February 19, 2013. (#6-4) The court denied the petition in an order entered March 25, 2013. (#6-5) Mr. Fields attempted to appeal the denial of his habeas petition, but on November 14, 2013, the Arkansas Supreme Court denied his motion to file a belated appeal for lack of jurisdiction because Mr. Fields had been transferred to an ADC facility in Lincoln County, Arkansas. (#2 at pp. 13-15, #6-3, ) *Fields v. State*, 2013 Ark. 471.

In February, 2014, Mr. Fields filed a federal habeas petition under 28 U.S.C. § 2254, challenging his 2012 state-court judgment and sentence. *Fields v. Hobbs*, 5:14cv00063-BD (petition filed February 20, 2014). In the petition, Mr. Fields complained that the state's warrant was invalid; the statute under which he was charged had been repealed; the state's judgment and commitment order was illegal on its face; and his counsel was ineffective. *Id*. This Court denied his petition because it was barred by the statute of limitations. *Id*. at docket entries #11 and #12. Mr. Fields requested a certificate of appealability, but the Court of Appeals for the Eighth Circuit reviewed the district court file, denied the application, and dismissed the appeal. *Fields v. Hobbs*, No. 14-2357, (8th Cir. Sept. 17, 2014).

Mr. Fields has now filed a second petition with this Court challenging the same 2012 judgment and commitment order. In this petition, Mr. Fields claims that the trial court lacked jurisdiction; that his due process rights were violated, because he was charged under the wrong statute; that he was charged after the statute of limitations had run; and he alleges judicial misconduct. (Docket entry #2 at pp. 4-7)

The Court lacks jurisdiction to hear Mr. Fields's petition. As noted, Mr. Fields has already challenged his conviction through a federal habeas petition. Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

clearly successive because Mr. Fields has filed a prior petition challenging the same state court judgment.

## III. Conclusion

The Court recommends that Judge Baker DENY and DISMISS Marcus W. Fields's petition for writ of habeas corpus (#2), without prejudice, for lack of jurisdiction. The Court further recommends that Judge Baker deny a certificate of appealability.

DATED this 17th day of December 2015.

_____
UNITED STATES MAGISTRATE JUDGE