# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARCUS FIELDS**  **PETITIONER**
ADC #150118

v.  Case No. 5:15-cv-00389 KGB-BD

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  **RESPONDENT**

## ORDER

The Court has received the Recommended Disposition ("Recommendation") filed by Magistrate Judge Beth Deere (Dkt. No. 4). Petitioner Marcus Fields has filed timely objections (Dkt. No. 5). After careful review of the Recommendation and the timely objections filed by Mr. Fields, including a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects. Mr. Fields's motion to appoint counsel is denied as moot (Dkt. No. 7).

This Court writes separately to address Mr. Fields's objections. Mr. Fields contends that his present habeas petition is on different grounds from his first habeas petition. A "second or successive" habeas petition requires authorization from a federal court of appeals prior to filing. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (citing 28 U.S.C. § 2244(b)(3)(A)). "Second or successive" is a term of art, and not every habeas petition that is second in time requires preauthorization. *Id.* (citing *Crouch v. Norris*, 251 F.3d 720, 723–25 (8th Cir. 2001)). Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining authorization. *Id.* Here, Mr. Fields is alleging that the circuit court that accepted his guilty plea and entered his sentence lacked jurisdiction; that his due process rights were violated because he was charged under the wrong

statute; and that he was charged after the statute of limitations had run, and he also alleges judicial misconduct. The first three grounds presented by Mr. Fields could have been raised at the time he filed his first habeas petition, as each pertains to facts that were known to him at the time of his guilty plea and sentencing. Therefore, this Court determines that his habeas petition is a second or successive petition that requires preauthorization with regard to his first three claims. Because Mr. Fields has not obtained preauthorization, this Court lacks jurisdiction to determine the merits of his first three claims.

For his fourth claim, Mr. Fields alleges that the circuit judge who sentenced him knew that the charge arose from conduct that allegedly occurred in Oklahoma and that Mr. Fields was arrested and detained for conduct that allegedly occurred outside of the court's jurisdiction. Mr. Fields couches his request as a motion for the circuit judge to recuse, but this Court interprets it as a fourth ground for habeas corpus relief because the circuit judge involved with Mr. Fields's guilty plea and sentencing is not involved in this proceeding. Mr. Fields admits that the issue of the judge's knowledge of the circumstances surrounding the crime were known to him as early as 2011, when the victim testified at his trial (Dkt. No. 2, at 7, GROUND FOUR). This date is well before he filed his first habeas corpus petition in 2014. *Fields v. Hobbs*, No. 5:14-cv-0063-BD (E.D. Ark. 2014), *appeal denied*, *Fields v. Hobbs*, No. 14-2357 (8th Cir. Sept. 17, 2014). Therefore, absent preauthorization from the court of appeals, this Court also lacks jurisdiction over this claim because Mr. Fields could have raised this claim in his first habeas petition.

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial

of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, there is no basis for this court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied. In addition, this Court denies Mr. Fields's motion for appointment of counsel as moot (Dkt. No. 7).

For these reasons, the Court adopts the Recommendation and dismisses without prejudice Mr. Fields's petition for writ of habeas corpus (Dkt. No. 2).

So ordered this 28th day of April, 2016.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge